IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA ELIZABETH SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 4:14-cv-00115 |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Ocwen") files this Answer to Plaintiff's Complaint ("Complaint") (Doc. 1) as follows:

## I.   **ANSWER**

1.      With respect to the allegations contained in paragraph 1 of the Complaint, Ocwen admits Plaintiff asserts claims under the referenced statutes and seeks the referenced damages but denies Plaintiff is entitled to relief.

2.      With respect to the allegations contained in paragraph 2 of the Complaint, Ocwen lacks knowledge or information sufficient to form a belief as to the truth of where Plaintiff resides.  The remaining allegations contained in paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ocwen denies the allegations.

3.      The allegations contained in paragraph 3 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.  To the extent a response is required, Ocwen denies the allegations.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 1**

4.      The allegations contained in paragraph 4 of the Complaint state a legal conclusion to which no response is required.   To the extent a response is required, Ocwen denies the allegations.

5.      The allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is required.   To the extent a response is required, Ocwen denies the allegations.

6.      The allegations contained in paragraph 6 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.   To the extent a response is required, Ocwen admits Ocwen provides certain information to credit reporting agencies but otherwise denies the allegations.

7.      Ocwen admits the allegations contained in paragraph 7 of the Complaint.

8.      With respect to the allegations contained in paragraph 8 of the Complaint, Ocwen admits solely that venue is this district is proper.   The remaining allegations contained in paragraph 8 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.   To the extent a response is required, Ocwen denies the allegations.

9.      Ocwen admits the allegations contained in paragraph 9 of the Complaint.

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Ocwen admits the bankruptcy court entered a discharge order, states such order and certificate service speak for themselves, denies such order was entered on May 5, 2008.   Ocwen otherwise denies the allegations.

11.     Ocwen admits a copy of the Discharge Order is attached to the Complaint as Exhibit A.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 2**

12.     The allegations contained in paragraph 12 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.   To the extent a response is required, Ocwen denies the allegations.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Ocwen admits Plaintiff filed schedules and state such schedules speak for themselves.   To the extent a response is required, Ocwen deny the allegations.

14.     Ocwen admits the allegations contained in the first sentence of paragraph 14 of the Complaint.   Ocwen denies the allegations contained in the second sentence of paragraph 14 of the Complaint.   With respect to the allegations contained in the third sentence of paragraph 14 of the Complaint, Ocwen admits solely that an order was entered lifting the automatic stay on February 8, 2008, states that such order speaks for itself, and otherwise denies the allegations.

15.     Ocwen admits the allegations contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.   To the extent a response is required, Ocwen denies the allegations.

17.     Ocwen admits the allegations contained in paragraph 17 of the Complaint.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Ocwen admits solely that Ocwen began servicing the loan on or about November 1, 2011.

19.     Ocwen denies the allegations contained in paragraph 19 of the Complaint, and all characterizations of their alleged conduct.

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

21.     With respect to the allegations contained in paragraph 21 of the Complaint, Ocwen admits a copy of correspondence dated October 14, 2011, is attached to the Complaint as Exhibit B.

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Ocwen admits a copy of correspondence dated November 4, 2011, is attached to the Complaint as Exhibit C.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, Ocwen admits a copy of correspondence dated November 8, 2011, is attached to the Complaint as Exhibit D.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, Ocwen admits a copy of correspondence dated November 17, 2011, is attached to the Complaint as Exhibit E.

28.     With respect to the allegations contained in paragraph 28 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

29.     With respect to the allegations contained in paragraph 29 of the Complaint, Ocwen admits a copy of correspondence dated December 5, 2012, is attached to the Complaint

as Exhibit F and denies correspondence dated December 5, 2011, is attached to the Complaint as Exhibit F.

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

31.     With respect to the allegations contained in paragraph 31 of the Complaint, Ocwen admits a copy of correspondence dated December 19, 2011, is attached to the Complaint as Exhibit G.

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

33.     With respect to the allegations contained in paragraph 33 of the Complaint, Ocwen denies a complete copy of correspondence dated January 17, 2012, is attached to the Complaint as Exhibit H.

34.     With respect to the allegations contained in paragraph 34 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

35.     With respect to the allegations contained in paragraph 35 of the Complaint, Ocwen denies a complete copy of correspondence dated February 17, 2012, is attached to the Complaint as Exhibit I.

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Ocwen denies a complete copy of correspondence dated March 19, 2012, is attached to the Complaint as Exhibit J.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

39.     With respect to the allegations contained in paragraph 39 of the Complaint, Ocwen denies a complete copy of correspondence dated April 17, 2012, is attached to the Complaint as Exhibit K.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Ocwen denies a complete copy of correspondence dated May 17, 2012, is attached to the Complaint as Exhibit L.

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Ocwen denies a complete copy of correspondence dated June 18, 2012, is attached to the Complaint as Exhibit M.

44.     With respect to the allegations contained in paragraph 44 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Ocwen denies a complete copy of correspondence dated July 17, 2012, is attached to the Complaint as Exhibit N.

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

47.     With respect to the allegations contained in paragraph 47 of the Complaint, Ocwen denies a complete copy of correspondence dated August 17, 2012, is attached to the Complaint as Exhibit O.

48.     With respect to the allegations contained in paragraph 48 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Ocwen denies a complete copy of correspondence dated September 17, 2012, is attached to the Complaint as Exhibit P.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Ocwen states its correspondence speaks for itself and otherwise denies the allegations.

51.     With respect to the allegations contained in paragraph 51 of the Complaint, Ocwen admits a copy of correspondence dated October 23, 2012, is attached to the Complaint as Exhibit Q.

52.     Ocwen denies the allegations contained in paragraph 52 of the Complaint.

53.     Ocwen denies the allegations contained in paragraph 53 of the Complaint.

54.     Ocwen denies the allegations contained in paragraph 54 of the Complaint.

55.     Ocwen denies the allegations contained in paragraph 55 of the Complaint.

56.     Ocwen denies the allegations contained in paragraph 56 of the Complaint.

57.     Ocwen denies the allegations contained in paragraph 57 of the Complaint.

58.     Ocwen denies the allegations contained in paragraph 58 of the Complaint.

59.     Ocwen denies the allegations contained in paragraph 59 of the Complaint.

60.     Ocwen denies the allegations contained in paragraph 60 of the Complaint.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 7**

61.     With respect to the allegations contained in paragraph 61 of the Complaint, Ocwen admits solely that a redacted copy of an Experian credit report is attached to the Complaint as Exhibit R and otherwise denies the allegations.

62.     Ocwen denies the allegations contained in paragraph 62 of the Complaint.

63.     Ocwen denies the allegations contained in paragraph 63 of the Complaint.

64.     Ocwen denies the allegations contained in paragraph 64 of the Complaint.

65.     With respect to the allegations contained in paragraph 65 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

66.     With respect to the allegations contained in paragraph 66 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

67.     With respect to the allegations contained in paragraph 67 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

68.     With respect to the allegations contained in paragraph 68 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

69.     The allegations contained in paragraph 69 of the Complaint require no response. To the extent a response is required, Ocwen incorporates paragraphs 1 through 68 above.

70.     With respect to the allegations contained in paragraph 70 of the Complaint, Ocwen states the referenced statute speaks for itself.

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Ocwen states the referenced statute speaks for itself.

72.     Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.  To the extent a response is required, Ocwen denies the allegations.

73.     The allegations contained in paragraph 73 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.  To the extent a response is required, Ocwen denies the allegations.

74.     Ocwen denies the allegations contained in paragraph 74 of the Complaint.

75.     Ocwen denies the allegations contained in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.  To the extent a response is required, Ocwen denies the allegations.

77.     Ocwen denies the allegations contained in paragraph 77 of the Complaint.

78.     Ocwen denies the allegations contained in paragraph 78 of the Complaint.

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

80.     With respect to the allegations contained in paragraph 80 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Ocwen lacks knowledge or information sufficient to form a reasonably belief regarding the truth of what Plaintiff "believes" and otherwise denies the allegations.

82.     Ocwen denies the allegations contained in paragraph 82 of the Complaint.

83.     Ocwen denies the allegations contained in paragraph 83 of the Complaint.

84.     Ocwen denies the allegations contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint require no response. To the extent a response is required, Ocwen incorporates paragraphs 1 through 84 above.

86.     With respect to the allegations contained in paragraph 86 and its subparagraphs, Ocwen states the statute speaks for itself and otherwise denies the allegations.

87.     Ocwen denies the allegations contained in paragraph 87 of the Complaint.

88.     Ocwen denies the allegations contained in paragraph 88 of the Complaint.

89.     Ocwen denies the allegations contained in paragraph 89 of the Complaint.

90.     The allegations contained in the first sentence of paragraph 90 of the Complaint require no response.  To the extent a response is required, Ocwen incorporates paragraphs 1 through 89 above.  Ocwen denies the allegations contained in the second sentence of paragraph 90 of the Complaint.

91.     Ocwen denies the allegations contained in paragraph 91 of the Complaint.

92.     Ocwen denies the allegations contained in paragraph 92 of the Complaint.

93.     Ocwen denies the allegations contained in paragraph 93 of the Complaint.

94.     The allegations contained in paragraph 94 of the Complaint require no response. To the extent a response is required, Ocwen incorporates paragraphs 1 through 93 above.

95.     Ocwen denies the allegations contained in paragraph 95 of the Complaint.

96.     Ocwen denies the allegations contained in paragraph 96 of the Complaint.

97.     The allegations contained in paragraph 97 of the Complaint require no response. To the extent a response is required, Ocwen incorporates paragraphs 1 through 96 above.

98.     The allegations contained in paragraph 98 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.   To the extent a response is required, Ocwen denies the allegations.

99.     Ocwen denies the allegations contained in paragraph 99 of the Complaint.

100.    Ocwen denies the allegations contained in paragraph 100 of the Complaint.

101.    Ocwen denies the allegations contained in paragraph 101 of the Complaint.

102.    Ocwen denies the allegations contained in the first sentence of paragraph 102 of the Complaint.  The remaining allegations contained in paragraph 102 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Ocwen denies the allegations.

103.    Ocwen denies the allegations contained in paragraph 103 of the Complaint.

104.    Ocwen denies the allegations contained in paragraph 104 of the Complaint.

105.    The allegations contained in the first sentence of paragraph 105 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ocwen denies the allegations.  The remaining allegations contained in paragraph 105 of the Complaint are too vague and ambiguous to permit Ocwen to reasonably frame a response.  To the extent a response is required, Ocwen denies the allegations.

106.    The allegations contained in paragraph 106 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ocwen denies the allegations.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 11**

107.    Ocwen denies the allegations contained in paragraph 107 of the Complaint.

108.    Ocwen denies each and every allegation not expressly admitted, qualified, or otherwise pleaded herein, including, but not limited to, those contained in headings, exhibits, and the prayer for relief.

## II.    AFFIRMATIVE DEFENSES

Without assuming the burden of proof, Ocwen asserts the following defenses:

109.    Plaintiff has failed to state a claim upon which relief may be granted.

110.    Plaintiff's recovery is barred by the defenses of unclean hands, waiver, abandonment, and acquiescence.

111.    Plaintiff has failed to state a claim for recovery of attorneys' fees and costs.

112.    Plaintiff's recovery of punitive damages is barred to the extent Plaintiff seeks them for an alleged violation of the discharge injunction.

113.    Plaintiff's claims are barred or limited by the applicable statutes of limitations.

114.    Ocwen reserves the right to assert such additional affirmative defenses that are available under the facts and applicable law.

WHEREFORE, Ocwen Loan Servicing, LLC prays that Plaintiff takes nothing by the Complaint, that said Complaint be dismissed with prejudice and on the merits, and for such other relief as the Court deems just and equitable.

Dated:  April 4, 2014.                   Respectfully submitted,


                                         /s/ Bradley C. Knapp
                                         Robert T. Mowrey
                                           Texas Bar No. 14607500
                                         Arthur E. Anthony
                                           Texas Bar No. 24001661
                                         Bradley C. Knapp
                                           Texas Bar No. 24060101
                                         LOCKE LORD LLP
                                         2200 Ross Avenue, Suite 2200
                                         Dallas, Texas  75201
                                         (214) 740-8000 (Telephone)
                                         (214) 740-8800 (Telecopier)

                                         ATTORNEYS FOR OCWEN LOAN SERVICING,
                                         LLC


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th  day of April, 2014, a true and correct copy of the foregoing has been served on all counsel of record who are deemed to have consented to have electronic service by the Court's CM/ECF system.  Any other counsel of record will be served by first class U.S. mail:

James J. Manchee
Marilyn S. Altamira
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas  75251
*Counsel for Plaintiff*

                                         /s/ Bradley C. Knapp
                                         Counsel for Ocwen


**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 13**